# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RASHEED ROBINSON a/k/a
Richardo Lascelles Dwight Ashmeade,

    Plaintiff,

v.                                    CASE NO. 8:19-cv-1467-T-26TGW

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **O R D E R**

After due and careful consideration of the procedural history of Plaintiff's two criminal cases,[1] together with the submissions of the parties,[2] the Court concludes that Plaintiff's timely filed Motion to Vacate filed pursuant to 28 U.S.C. § 2255 is due to be denied based on the following analysis.[3]

Plaintiff pleaded guilty in case number 8:06-cr-366 to conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana pursuant to a written plea agreement. Prior to his plea, the Government filed an information alleging two prior

---

[1] See case numbers 8:06-cr-366 and 8:08-cr-539.

[2] The Court, after careful review, finds that Defendant's citations to the record of Plaintiff's underlying criminal cases are accurate so that the Court need not duplicate them in this order.

[3] The Court rejects Defendant's argument that Plaintiff's motion is time-barred.

felony drug convictions, thus subjecting Plaintiff to an enhanced minimum mandatory sentence of twenty (20) years of imprisonment under 21 U.S.C. § 851. Plaintiff's two felony convictions consisted of possession with intent to distribute more than five (5) pounds of marijuana in Henrico County, Virginia, and possession of marijuana for sale in San Diego County, California. These convictions qualified him as a career offender pursuant to U.S.S.G. §4B1.1, thus yielding an offense level of 37. After factoring in a criminal history category of VI and a three-level downward adjustment for acceptance of responsibility, Plaintiff's advisory guideline range was fixed at 262 to 327 months.

In case number 8:08-cr-539, Plaintiff pleaded guilty to illegal reentry after deportation without a plea agreement, which subjected him to a maximum term of imprisonment of twenty (20) years pursuant to 8 U.S.C. §§ 1326(a) and (b)(2). The Court subsequently sentenced Plaintiff to 262 months in the drug case and 240 months in the illegal reentry case followed by periods of supervised release, with those sentences running concurrently. Plaintiff's direct appeal in the drug case was dismissed for failure to pay the filing fee, and he did not file a direct appeal in the illegal reentry case.

Plaintiff has now filed a motion to vacate in both cases challenging his career offender designation based on the fact that a California superior court has reclassified his marijuana conviction from a felony to a misdemeanor under the provisions of Proposition 64, an initiative approved by California voters allowing a court to redesignate a marijuana felony conviction to a misdemeanor. See Cal. Health & Safety Code §11361.8. In light

of that redesignation, Plaintiff contends he is no longer subject to a sentencing enhancement under § 851 nor is he eligible for a career offender classification, thus entitling him to be resentenced. The Court resoundingly rejects this contention.

Based on the cases cited by Defendant, as well as the Court's own independent research, every court to consider Plaintiff's argument has rejected it within the context of Proposition 64. See United States v. Gilmore, 2018 WL 5787305, at *3 (N.D. Cal. 2018); Mejia v. United States, 2018 WL 3629947, at *2 (S.D. Cal. 2018); Ramos v. United States, 321 F. Supp. 3d 661, 666 (E.D. Va. 2018); United States v. Ochoa-Garcia, 2017 WL 4532489, at *3 (D. Nev. 2017). As the Court in Ochoa-Garcia observed, "[a]ll the relevant case law clearly supports the conclusion that a subsequent state-court modification of a prior conviction cannot retroactively change that conviction's effect under the Sentencing Guidelines, unless the modification was due to (1) actual innocence, or (2) legal errors in state-court proceedings." 2018 WL 4532489, at *3 (citing U.S.S.G. § 4A1.2 n. 10). As in Ochoa-Garcia, "the classification of [Plaintiff's] conviction[] under Proposition 64 did not make him innocent of his crime[],and was not the result of legal error; it merely downgraded the offense[] based on recent changes in the law." Id. (citation omitted).

Additionally, a host of courts have rejected arguments similar to Plaintiff's within the context of California's Proposition 47, which operates in the same fashion as Proposition 64 with regard to reclassifying a felony to a misdemeanor but with respect to

a different set of drug-related offenses.[4] See, e.g., United States v. Sanders, 909 F.3d 895, 900 (7th Cir. 2018) (joining "the Third and Ninth Circuits in holding that a defendant who commits a federal drug offense after previously being convicted of a state felony drug offense is subject to § 841's recidivist's enhancement even if that prior offense was reclassified as a misdemeanor pursuant to Proposition 47.") (citing United States v. London, 747 F. App'x 80, 85 (3rd Cir. 2018) and United States v. Diaz, 838 F.3d 968, 975 (9th Cir. 2016)); United States v. Stiger, 2019 WL 2248266, at *3 (N.D. Okla. 2019); United States v. Mitchell, 2019 WL 2075933, at *2 (W.D. Pa. 2019) (citing London, Sanders, and Diaz); United States v. Munayco, 2018 WL 7050761, at *3-5 (N.D. Fla. 2018) (citing London, Sanders, and Diaz), report and recommendation approved by district judge at docket 46 in case number 3:05-cr-3.

In light of this persuasive precedent, the Court concludes that the mere fact that Plaintiff's California drug conviction was reclassified from a felony to a misdemeanor based on Proposition 64 does not remove the stigma of his career offender designation. Accordingly, his Motion to Vacate (Dkt. 1) is denied. The Clerk is directed to enter judgment for Defendant and to close this case.

Additionally, the Court declines to issue a certificate of appealability because Plaintiff has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Cf. United States v. Holyfield, 752 F. App'x 595

---

[4] See Cal. Penal Code 1170.18.

(10th Cir. 2018) (unpublished). Nor will the Court allow Plaintiff to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Plaintiff shall pay the entire amount of the appellate filing fee pursuant to 28 U.S.C. § 1915(b).

**DONE AND ORDERED** at Tampa, Florida, on August 15, 2019.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record and Plaintiff, *pro se*